

U.S. Department of Justice

Criminal Division

---

*Washington, D.C. 20530*

June 27, 2006

Mr. Michael L. Spafford, Esq.
McKee Nelson L.L.P.
1919 M Street NW, Suite 800
Washington, DC 22036

**FILED**
**JUN 2 8 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

      Re:    United States v. Dennis N. Abbott

CR 06-189

Dear Mr. Spafford:

      This letter sets forth the full and complete plea offer to your client, Dennis N. Abbott. This offer is binding upon the United States Department of Justice, Criminal Division, Fraud Section (hereinafter referred to as the "Fraud Section" or "the government"). This plea offer will expire at 5 p.m. E.S.T. on June 27, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.    Charges: Abbott agrees to plead guilty to one count of conspiracy to manipulate the price of a commodity, contrary to 7 U.S.C. § 13 (a)(2), all in violation of 18 U.S.C. § 371 that is contained in an Information.

      It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Abbott and will be entered in accordance with Federal Rule of Criminal Procedure 11. Abbott agrees that the attached "Statement of the Offense" fairly and accurately describes his actions and involvement in the charged offense. During the Rule 11 plea hearing, Abbott will adopt and sign the Statement of the Offense as a written proffer of evidence.

      2.    Potential penalties, assessments, and restitution: Abbott understands that the maximum sentence that can be imposed for the violation charged in the Information is five years of imprisonment, a fine of $250,000, or both, a mandatory $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentences, Abbott understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2003) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Abbott understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Abbott further understands that if the

Court imposes a sentence which is in any way unsatisfactory to him, he cannot move to withdraw his guilty plea.

3. Federal Sentencing Guidelines: The parties agree that based on the facts currently known to the government, the following are agreed upon adjustments under the relevant Sentencing Guidelines factors:

§ 2B1.1

    (b)(1)(K)    Specific Offense Characteristic (Loss more than $2,500,000)

    (b)(2)    Specific Offense Characteristic (More than 10 victims)

§ 3B1.2(b)
Minor Role in Offense

§ 3E1.1
Acceptance of Responsibility (subject to ¶ 7)

Abbott and the government agree that a sentence determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence in this case. In the event that this plea offer is either not accepted by Abbott or is accepted by Abbott but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. Financial Arrangements: Abbott agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the mandatory special assessment, as required in 18 U.S.C. § 3013. Abbott also agrees to provide, prior to sentencing, a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. Cooperation: Abbott agrees to cooperate with the government on the following terms and conditions:

    a. Abbott shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Abbott acknowledges that his cooperation may include, but will not necessarily be limited to, testifying at any proceedings, answering questions, and providing sworn written statements;

    b. Abbott shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Abbott further agrees to the forfeiture of all assets which are proceeds of crime and/or traceable to proceeds of crime;

    c. Abbott shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which his testimony may be deemed relevant by the government;

    d. Abbott shall neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity;

    e. Abbott agrees not to disclose to any person or entity other than his counsel, the circumstances or details regarding his cooperation with law enforcement authorities; and

    f. Abbott understands and acknowledges that nothing in this agreement allows him to commit any criminal violation of local, state, or federal law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Abbott acknowledges and agrees that such a breach of this agreement will not entitle him to move to withdraw his plea of guilty. Abbott further understands that, to establish a breach of this agreement, the government need only prove his commission of a criminal offense by a preponderance of the evidence.

  6. Government Concessions: In exchange for his guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that Abbott continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the Probation Department (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Abbott in the United States District Court for the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Abbott does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4).

  7. Sentencing Guidelines Departure: At the time of Abbott's sentencing, the government will advise the sentencing judge and the United States Probation Office in the

District of Columbia of the full nature, extent, and value of the cooperation, if any, provided by Abbott to the government. If the Fraud Section determines that Abbott has provided substantial assistance in the investigation or prosecution of another person or entity, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Abbott understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the government. Abbott further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

8. Reservation of Allocution: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Abbott's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. Use of Certain Information: The United States and Abbott hereby agree that since Abbott has agreed to cooperate with the United States, information provided by Abbott shall not be held against him for purposes of determining his applicable guideline range (see Sentencing Guidelines Section 1B1.8), except as follows:

    a. information that was known to the United States prior to the date this plea agreement was agreed to by Abbott may be used directly and indirectly against Abbott in any criminal proceeding;

    b. in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made by Abbott as part of his cooperation may be used directly and indirectly against him; and

    c. if there is a breach of this agreement by Abbott, as determined under the provisions of this agreement. In the event of such a breach, as set forth in Paragraph 10 below, the United States retains the right to use any information provided by Abbott directly and indirectly at any subsequent proceeding.

10. Breach of Agreement: Abbott agrees that if he fails to make a complete, truthful, and candid disclosure to law enforcement officers, government attorneys, and/or grand juries, or the Court, and/or if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of

this plea agreement. Moreover, if during an investigation or prosecution Abbott should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Abbott's release (for example, should Abbott commit any conduct after the date of this agreement that would form the basis for an increase in Abbott's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Abbott will not have the right to move to withdraw the guilty plea; (c) Abbott shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Abbott, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Abbott has breached this agreement, and if Abbott so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

11.    Presence of Counsel: At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Abbott shall be entitled to the presence, advice, and assistance of counsel, unless waived.

12.    Department of Justice, Criminal Division, Fraud Section Bound: Abbott understands that this agreement is binding only upon the Department of Justice, Criminal Division, Fraud Section. This agreement does not bind any United States Attorney's Office, nor does it bind any other Section or Division of the Department of Justice, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Abbott.

13.    Waiver of Indictment: Abbott agrees to waive an indictment in this matter and plead guilty pursuant to the filing of an Information.

14.    Waiver of Venue: Abbott agrees to waive venue in this matter and plead guilty in the United States District Court for the District of Columbia.

15.    Complete Agreement: No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be

made unless committed to writing and signed by Abbott, Abbott's counsel, and an Attorney for the Department of Justice, Criminal Division, Fraud Section.

If the foregoing terms and conditions are satisfactory, Abbott may indicate his assent by signing the agreement in the space indicated below and returning the original to us once it has been signed by Abbott and his counsel.

Sincerely yours,

PAUL E. PELLETIER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: _____
JERROB DUFFY
Trial Attorney, Fraud Section
Criminal Division
U.S. Department of Justice

By: _____
STACEY K. LUCK
Trial Attorney, Fraud Section
Criminal Division
U.S. Department of Justice

Phone: (202) 514-4018
Fax: (202) 514-0152

I have read this plea agreement, consisting of seven pages, and have discussed it with my attorney, Michael Spafford, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6/27/2006

Dennis N. Abbott
Defendant

I have read each of the seven pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6/27/06

Michael L. Spafford, Esq.
Attorney for the Defendant